No. 99-689

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 167N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RUDY STANKO,

Defendant and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable David J. Cybulsky, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph Mazurek, Attorney General; Mark W. Mattioli, Assistant Attorney General, Helena, Montana

Thomas P. Meissner, Fergus County Attorney; Monte J. Boettger, Deputy County Attorney, Lewistown, Montana

For Respondent:

Rudolph Stanko, *Pro Se*, Billings, Montana

Submitted on Briefs: June 8, 2000

Decided: June 27, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Rudy Stanko appeals his misdemeanor convictions of disorderly conduct and criminal mischief following a jury trial in the Tenth Judicial District Court, Fergus County. We affirm.

¶3 Stanko sets forth five issues on appeal. In the first two, he attacks the qualifications of jurors who served on his case. In both cases, the District Court denied his challenges for cause of jurors. Our standard of review of a ruling on a challenge to a juror for cause is whether the district court abused its discretion. *State v. Hatten*, 1999 MT 298, ¶ 28, 297 Mont. 127, ¶ 28, 991 P.2d 939, ¶ 28.

¶4 Stanko challenged prospective juror Long for cause after Long acknowledged during voir dire that he was acquainted with a prosecution witness and that he was a former law enforcement officer. Long stated, however, that he believed he could be fair and impartial, and the court denied Stanko's challenge for cause. Stanko now argues on appeal that the presence of a law enforcement officer on the jury violated his constitutional rights. However, employment in law enforcement does not, per se, disqualify a juror. *State v. Radi* (1978), 176 Mont. 451, 460, 578 P.2d 1169, 1175. After reviewing the record, we hold that Stanko has not established any abuse of discretion in the trial court's denial of his challenge for cause of juror Long.

¶5 Stanko secondly contends that the court erred in failing to remove for cause jurors who, in response to his questioning, stated that they were not his peers. Stanko used his

convicted felon status as the basis for this questioning. We hold that the District Court's rejection of this argument, which Stanko did not support with any pertinent case law, was not an abuse of discretion.

¶6 Stanko's third issue on appeal is whether jury lists drawn from voter registration rolls unfairly prejudice criminal defendants. At trial, he moved the District Court for a jury of his peers: "non-registered voters and felons, and . . . at least 50% male." In *State v. Fitzpatrick* (1977), 174 Mont. 174, 179-80, 569 P.2d 383, 388, this Court upheld the use of voter registration lists to pool venire. Stanko has made no persuasive argument and has cited no authority supporting a change in that ruling.

¶7 Stanko asserts in his fourth issue that the District Court increased his criminal sentence from the sentence he was given in Fergus County Justice Court before his appeal to District Court "merely to send a message to others in the future to impress upon people that they should not 'cause problems.'" Nothing in the court's stated reasons for the sentence imposed indicates any improper purpose; instead, the reasons given by the court all relate to the correctional and sentencing policy of the State of Montana as set forth at § 46-18-101, MCA. Moreover, a sentence is legal if it falls within the range prescribed by statute. *State v. Graves* (1995), 272 Mont. 451, 463, 901 P.2d 549, 557. Stanko's sentence falls within the range prescribed by the applicable statutes.

¶8 Finally, Stanko argues that the District Court's request that he refrain from repeatedly using the word "motherfucker" during voir dire constituted prejudicial error. A trial judge has authority to control the courtroom, including limiting improper questioning of prospective jurors. Section 46-16-114(2), MCA. This argument has no merit whatsoever.

¶9 We affirm the judgment of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER